No. 34,743

THE STATE OF KANSAS, ex rel. JAY S. PARKER, Attorney General, *Plaintiff*, v. THE CITY OF KANSAS CITY; DON C. McCOMBS, as Mayor-commissioner; FRANCIS BLAKE, as Commissioner of Boulevards, Parks and Streets, and GEORGE T. DARBY, as Commissioner of Finance, Health and Public Property, *Defendants*.

(98 P. 2d 101)

Opinion filed December 22, 1939.

*Jay S. Parker*, attorney general, and *A. B. Mitchell*, assistant attorney general, for the plaintiff.

*Alton H. Skinner*, city attorney, *Joseph A. Lynch*, deputy city attorney, *Blake A. Williamson* and *Donald Corson*, all of Kansas City, for the defendants.

*Per Curiam:* This is a proceeding in quo warranto to test the validity of a resolution (resolution No. 11275) recently adopted by Kansas City which recites in substance that in order to obtain necessary tenants for its recently constructed wholesale terminal fruit and vegetable market it is necessary in making leases with certain prospective tenants that the city expend certain sums in cash out of its gross terminal market income and to allow certain credits on rentals to such tenants. Preliminary to carrying this resolution into effect, the city adopted a supplemental resolution which reads:

"*Be It Further Resolved:*

"That said board of city commissioners hereby request the attorney general of the state of Kansas to forthwith proceed in the nature of a quo warranto in the name of the state and against the city and its governing body to determine whether or not the city and its commissioners, in its proprietary capacity, have authority to pay such sums as are necessary in the discretion and sound judgment of the board of city commissioners to carry out, in the discretion of said board, such policies and transactions as may be to the best interest of said city in securing tenants for said Kansas City Food Terminal.

"Said attorney general is also requested to raise any and all other questions as he shall deem just and proper in the premises.

"Adopted by the board of commissioners this 16th day of December, 1939."

This action was accordingly filed on December 18, 1939, pleading the pertinent facts. On December 19 the city answered, and on the showing made as to the urgency of an immediate hearing and determination the cause was orally argued in chambers the same day, and typewritten briefs were submitted.

The argument, particularly on behalf of the city, took a wider range than that involved in the precise issue tendered by the attorney general, and the court makes no ruling except on the precise question briefly stated above.

On that issue the court renders judgment in favor of the defendant city and its officials.

A formal opinion will follow when it can be prepared.